UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:11-CV-278-KSF

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                                                                                    PLAINTIFF

vs.                                              **OPINION AND ORDER**

THE PATTY TIPTON COMPANY                                                              DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court on the motion of Defendant to dismiss the action. For the reasons discussed below, the motion will be denied.

**I.     BACKGROUND**

The Equal Employment Opportunity Commission ("EEOC") brought this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, and Section 102 of the Civil Rights Act of 1991. 42 U.S.C. § 2000e-5(f)(1) and (3); 42 U.S.C. § 1981a. According to the Complaint, Megan Woodard applied for employment as a temporary employee with the Defendant, The Patty Tipton Company ("Tipton"), in September 2010. Woodard is a practicing member of a fundamentalist Baptist church, and her religion prohibits women from wearing pants or other male attire. Tipton denied Woodard employment when she requested for religious reasons to wear a skirt to work, rather than the black pants required by a dress code. [DE 1, ¶ 7].

Tipton moves to dismiss the complaint on the grounds that this Court lacked subject matter jurisdiction, that Plaintiff failed to state a claim upon which relief can be granted, and that Plaintiff failed to join indispensable parties. [DE 4-1, p. 1]. It argues that the place of employment was the Kentucky Horse Park, and the employer was The Patina Group ("Patina") who contracted to provide food and beverage services for the World Equestrian Games ("WEG"). It claims that the dress code requiring everyone to wear black pants was established by Patina or WEG, not Tipton.

It states that Woodard did not file a timely complaint against Patina or WEG, although she should have known that Tipton was merely providing temporary employees to Patina. Acknowledging that timely filing is a condition precedent rather than a jurisdictional requirement, Tipton argues equitable tolling should not apply here because the failure to meet the deadline did not arise from circumstances beyond the litigant's control. Instead, Tipton urges strict adherence to the procedural requirements set by Congress and dismissal of the complaint. *Id.* at 2-4.

Next Tipton argues the Complaint fails to state a claim because Tipton did not control the dress code and had no ability to accommodate Woodard's request. *Id.* at 5. Finally, Tipton contends that Patina and/or WEG are indispensable parties in this action, because they are the business entities responsible for the allegedly discriminatory dress code. Since conditions precedent have not been met, joinder of Patina or WEG at this late date is not feasible. Accordingly, Tipton urges that equity supports dismissal of the case because the absentee parties are indispensable. It argues that only Patina or WEG could present evidence regarding the reasons for the dress code and whether an accommodation would result in undue hardship to the employer. *Id.* at 6-8.

EEOC responds that Tipton argues facts and attaches an exhibit that are outside the pleadings. Accordingly, it urges the Court to exclude all such facts or, alternatively, to convert the motion to one for summary judgment. [DE 8, pp. 3-4]. With respect to subject matter jurisdiction, the EEOC notes that Tipton "concedes that conditions precedent are not jurisdictional." *Id.* at 5. It argues that Tipton does not deny being subject to Title VII. A letter from Tipton during the administrative investigation said it "simply explained to her that unless she was able to wear the appropriate uniform required for this position, she would not be able to work for our company during the World Equestrian Games." *Id.* EEOC claims this letter makes it clear that Tipton was the employer under Title VII. *Id.* at 6. Moreover, it contends that a formal employment relationship between the plaintiff and the defendant is not required. A plaintiff is protected if the defendant

2

"significantly affects access of any individual to employment opportunities." *Id.* at 6. It notes there is no evidence that Patina or WEG were aware of Woodard's application, much less that they would not have accommodated Woodard's religious beliefs if asked. *Id.* Woodard's complaint was timely filed "against the only entity that denied her employment." *Id.* at 7.

Next, EEOC responds that the complaint satisfies the notice pleading requirements of Fed. R. Civ. P. 8(a) and that nothing more is required. *Id.* at 8-9. Finally, EEOC claims Tipton's indispensable party argument is without merit. Tipton admitted it refused to hire Woodard, and there "is no evidence that any other entities were involved in that decision." *Id.* at 10.

In reply, Tipton argues that EEOC was aware of its status as a staffing agency and also knew that others were responsible for the dress code, which was established for safety reasons, rather than a discriminatory purpose. [DE 9-1, p. 2]. Under the circumstances, It claims that the only purpose for filing the complaint was to harass Tipton into agreeing to "extortionate settlement demands." *Id.* at 3. It claims it made a legitimate effort to settle the claim before the complaint was filed, but the EEOC investigator demanded damages for Ms. Woodard's "loss of valuable experience for a specific educational program." *Id.* at 4. The EEOC claimed that employment with the WEG would have provided "invaluable pre-veterinary school experience." Tipton argues that it is "laughable" to believe that "serving food at a place where there were horses would somehow give Woodard any experience whatsoever in her quest to be accepted to veterinary school." *Id.* at 5. Tipton claims the EEOC knew the complaint was frivolous when filed and that it is in violation of Rule 11. *Id.* at 6.

II.     ANALYSIS

    A.     **Standard for Motion to Dismiss**

"Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *O'Bryan v. Holy See*, 556 F.3d 361, 375 (6th Cir. 2009). A facial attack on the complaint questions merely the sufficiency of the pleading, and the

factual allegations are taken as true. *Id.* at 376. A plaintiff must demonstrate that the complaint alleges a "substantial" federal claim. "[T]he plaintiff can survive the motion by showing any arguable basis in law for the claim made. *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). Alternatively, if the motion contests the facts underlying subject matter jurisdiction, the court "must weigh the evidence" in order to determine whether it has the power to hear the case. *DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir. 2004).

To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007);*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). The *Iqbal/Twombly* standard "is also designed to screen out cases that, while not utterly impossible, are 'implausible.'" *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,*550 U.S. at 555. *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (same).

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) elaborated on the factual requirement as follows:

> As the Court held in *Twombly*, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement." ...
>
> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* at 1949-50. If the "complaint does not contain any factual allegations sufficient to plausibly suggest" each essential element of the averred violation, it does not contain enough "factual content to 'nudge' [the claim] 'across the line from conceivable to plausible'" and must be

4

dismissed. *Iqbal*, 129 S.Ct. at 1953. In ruling upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), all of a plaintiff's allegations are presumed true, and the complaint is construed in the light most favorable to the plaintiff. *Hill v. Blue Cross and Blue Shield of Michigan*, 409 F.3d 710, 716 (6th Cir. 2005).

    **B.**    **Discussion**

First, the Court is disregarding evidence outside of the record and declining to convert the motion to dismiss into a motion for summary judgment. The Court can consider public records without converting the motion, and it will consider the exhibits from the administrative proceedings. *Wyser-Pratte Management Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005) (holding "the court may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice"). *See also Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360-361 (6th Cir. 2001) ("Court may consider the full text of the SEC filings, ... and statements 'integral to the complaint,' even if not attached, without converting the motion into one for summary judgment....").

When the Complaint is construed in the light most favorable to the plaintiff, as this Court must do, dismissal is not warranted. The Complaint alleges that Woodard's sincerely held religious beliefs precluded her from wearing pants. She asked that her beliefs be accommodated by allowing her to wear a skirt to work. Tipton refused to accommodate those beliefs and denied her employment because she requested to wear a skirt. Accordingly, the EEOC alleges that Tipton denied Woodard equal employment opportunities, and her employment status was adversely affected because of her religion. [DE 1].

These allegations are sufficient to allege a "substantial" federal claim. "A federal claim is substantial unless 'prior decisions inescapably render it frivolous.'" *Musson*, 89 F.3d at 1248. Title VII provides that it is an "unlawful employment practice" for an employment agency "to fail or refuse

to hire ... any individual ... because of such individual's ... religion...." 42 U.S.C. § 2003-2(a)(1). Thus, a facial challenge to jurisdiction fails.

Tipton appears to be making a factual challenge that it is not a proper defendant and, therefore, the court lacks jurisdiction because conditions precedent regarding service on other defendants have not been met. Tipton concedes, however, that conditions precedent are not jurisdictional. [DE 4-1, p. 3]. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Accordingly, this factual attack fails.

In its motion to dismiss for failure to state a claim, Tipton argues that it did not control the dress code and was not able to accommodate Woodard's request. Tipton had options, however, that would have at least provided an opportunity for an accommodation. There is no evidence that Tipton requested an accommodation from Patina or WEG or provided Woodard information so she could make the request herself. Tipton's letter to the EEOC suggests that no consideration was given to the request for an accommodation. "[W]e simply explained to her that unless she was able to wear the appropriate uniform required for this position, she would not be able to work for our company during the World Equestrian Games." [DE 8-1, p. 3]. There is no evidence that Patina or WEG were aware of Woodard's application or her request for an accommodation on the dress code.

Even if it could be argued that Tipton was not Woodard's employer, the motion still lacks merit. In *Christopher v. Stouder Memorial Hospital*, 936 F.2d 870 (6th Cir. 1991), the plaintiff was denied limited privileges that would allow her to work as a private scrub nurse for doctors performing surgery at the hospital. *Id.* at 871-73. She sued the hospital alleging discrimination. Stouder Hospital argued that the court lacked subject matter jurisdiction because the doctors were the employers of scrub nurses. The Sixth Circuit disagreed, saying: "Title VII does not require a formal employment relationship between the plaintiff and the defendant. Rather, a plaintiff is protected if the defendant is one 'who significantly affects access of any individual to employment

opportunities.'" *Id.* at 875. In support, it cited *Gomez v. Alexian Bros. Hosp.*, 698 F.2d 1019, 1021 (9th Cir. 1983), which held that a doctor stated a claim under Title VII when a hospital denied him staff privileges although he was not an employee of the hospital. In the present case, it was Tipton who denied Woodard the employment opportunity; thus, Tipton is a proper defendant over whom this Court has subject matter jurisdiction.

The Rule 12(b)(6) motion to dismiss must also be denied. The complaint should be construed in a light most favorable to the plaintiff, accepting its allegations as true and finding all reasonable inferences in its favor. *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008). The complaint only needs to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. In a discrimination case, "it is not appropriate to require a plaintiff to plead facts establishing a *prima facie* case." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 511 (2002). "[T]he ordinary rules for assessing the sufficiency of a complaint apply." *Id.*

The focus of Tipton's argument is, once again, that it is not a proper defendant because it did not control the dress code and could not accommodate Woodard's request. [DE 4-1, p. 5]. Contrary to Tipton's argument, there is no evidence that any entity other than Tipton committed unlawful discriminatory conduct. Woodard asked to wear a skirt to work for religious reasons, and Tipton said no. It told her that if she could not "wear the appropriate uniform required for this position, she would not be able to work for our company during the World Equestrian Games." [DE 8-1, p. 3]. As EEOC argues in its response, "Woodard filed a timely charge of religious discrimination against the only entity that denied her employment, Defendant The Patty Tipton Company. When informed of Woodard's religious beliefs, Defendant denied her a reasonable accommodation." [DE 8, p. 7]. This Court agrees with EEOC. It has stated a plausible claim against Tipton, and the motion to dismiss will be denied.

Finally, Tipton's motion to dismiss for failure to join an indispensable party should also be denied. Tipton argues that Patina and WEG are required parties because they are the parties

7

responsible for the allegedly discriminatory dress code, and the court cannot accord complete relief among the existing parties. [DE 4-1, pp. 6-7]. While Patina and WEG may be the entities responsible for the dress code, the evidence is that only Tipton applied it in a discriminatory manner. Moreover, "Rule 19 calls for a pragmatic approach; simply because some forms of relief might not be available due to the absence of certain parties, the entire suit should not be dismissed if meaningful relief can still be accorded." *Smith v. United Brotherhood of Carpenters and Joiners of America*, 685 F.2d 164, 166 (6th Cir. 1982). The plaintiff is the master of its complaint. *Curry v. United States Bulk Transport, Inc.*. 462 F.3d 536, 543 (6th Cir. 2006). EEOC has chosen to sue only Tipton. The relief it requested – enjoining Tipton from discrimination based on religion, requiring Tipton to adopt policies to accommodate the religious beliefs of its employees, and paying damages to Woodard – may be accorded between the present parties. It is not necessary to consider whether joinder is feasible under Rule 19(b), as Patina and WEG are not required parties under Rule 19(a). The fact that it may be more difficult for Tipton to defend the action while standing alone, is no basis to dismiss the complaint.

### III. CONCLUSION

**IT IS ORDERED** that Defendant's motion to dismiss [DE 4] is **DENIED**.

This February 3, 2012.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**